### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

JENNELL BLACK, *et al.*,                *

                               *

           v.                   *        Civil Action No. CCB-20-3644

                               *

THOMAS WEBSTER, IV, *et al.*,        *

                            *********

### MEMORANDUM

This case arises from the tragic death of Anton Black on September 15, 2018. On the events of that day, and the following investigation or alleged coverup, the plaintiffs have based a multitude of claims against several police officers and town officials, three municipalities and the State of Maryland, and three current or former members of the Medical Examiner's Office. The fourteen counts in the amended complaint include federal and Maryland state constitutional claims for excessive force, denial of the right of access to the courts, and equal protection; *Monell*-type claims related to hiring, training, retention, and supervision; state law claims for wrongful death, survival, battery, intentional infliction of emotional distress, and civil conspiracy; and claims brought under the Americans with Disabilities Act and the Rehabilitation Act. (ECF 38). Two motions to dismiss and a motion to bifurcate are pending. (ECFs 46, 47, 59).

As the court recently outlined in denying the officers' motion for summary judgment, there are many disputed issues of facts about the use of force in this case that are not answered by the video from the officer's body-worn camera, including the cause(s) of Mr. Black's death. The discovery that must take place will illuminate many of the issues underlying the other claims. As a matter of judicial efficiency and in the exercise of its discretion under Fed. R. Civ. P. 26(b) and (d), the court finds it appropriate to stay discovery on the *Monell* claims and others that may require extensive discovery

beyond the underlying events.[1] That said, there will be some discovery that is warranted as to the individual officers' training, the allegations of "laced marijuana" or other drug use by Mr. Black, and the accuracy of the autopsy report as it relates to the actual cause of death. Some of these facts also will bear on whether the medical examiners are entitled to qualified immunity, and on whether statutory immunity is available to some of the defendants.[2]

Accordingly, the court will grant the motion to bifurcate as to discovery, deny without prejudice the motion to bifurcate as to trial and the motions to dismiss, and issue a proposed scheduling order in the near future. A separate Order follows.

    1/26/22
Date

                    /S/
Catherine C. Blake
United States District Judge

---

[1] A stay of discovery, and frequently a bifurcation of the claims for trial, is consistent with the ordinary practice in this District. *See, e.g. James v. Frederick Co. Pub. Schools*, 441 F. Supp. 2d 755, 762 (D. Md. 2006); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991); *Burley v. Baltimore Police Dep't*, SAG-18-1743, 2019 WL 9078713, at *3 (D. Md. Nov. 18, 2019); *Peprah v. Williams*, GLR-18-990, 2019 WL 224245, at *10 (D. Md. Jan. 15, 2019). Whether the claims in this case should be bifurcated for trial has not yet been decided.

[2] The court is mindful that the defense of qualified immunity is intended to protect against unnecessary discovery, not simply against trial. But, as noted, resolution of the underlying excessive force claims will in any event require discovery involving the defendants for whom qualified immunity is sought.