IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNELL BLACK, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:20-cv-03644-CCB |
| THOMAS WEBSTER IV, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO STRIKE NOTICE OF ACCEPTANCE OF**
**RULE 68 OFFER OF JUDGMENT**

THOMAS WEBSTER, IV, GARY MANOS, JEANETTE CLEVELAND, MICHAEL PETYO, TOWN OF GREENSBORO, TOWN OF RIDGLEY and TOWN OF CENTREVILLE, some of the Defendants, through undersigned counsel, move to strike the Notice of Acceptance of Rule 68 Offer of Judgment (ECF 128), for the reasons set forth below.

**BACKGROUND**

On May 20, 2022, undersigned, on behalf of (1) Thomas Webster, IV; (2) Gary Manos; (3) Jeanette Cleveland (Delude); and (4) Michael Petyo, in their individual capacities, as well as (5) the Town of Greensboro; (6) the Town of Ridgley; and (7) the Town of Centerville (hereinafter collectively referred to as the "Municipal Defendants"), presented to all of the Plaintiffs a written offer of judgment in the amount of Five Million and One Dollars ($5,000,001.00), inclusive of all attorneys' fees and other costs subject to certain terms and conditions (hereinafter referred to as the "Offer"). See Fed. R. Civ. P. 68 Offer of

Judgment, For Settlement Purposes Only, attached hereto and incorporated herein as **Ex. A**.

The Offer, which was made pursuant to Federal Rule of Civil Procedure 68, stated:

> acceptance of the offer of judgment constitutes **full satisfaction of all claims of any description** that have been or could have been asserted in this case, **by all of the Plaintiffs**, and all use Plaintiffs and potential Plaintiffs (hereinafter "all Plaintiffs") relating in any manner to alleged acts or omissions arising out of the above-listed individuals' employment and/or functions with their respective Town employers, and which were alleged or which could have been alleged in the above-referenced lawsuit, **including all claims for damages and other relief against all Municipal Defendants**[.]

**Ex. A**, at p. 1 (emphasis added). The Offer further provided that "acceptance of this offer, and payment of the offered amount, constitutes a release, discharge, and relinquishment **of any and all claims by all Plaintiffs**" against the Municipal Defendants. **Ex. A**, at 2 (emphasis added). The Offer made no distinction between the types of relief sought and clearly indicated that the payment of the offered amount was conditioned on acceptance by all Plaintiffs:

> acceptance of this offer of judgment and payment of the amount stated **extinguishes not only all claims made or which could have been made** against the parties listed in the first paragraph of this letter-offer, but all claims made or which could have been made against any of the other Municipal Defendants in this case, **by any and all Plaintiffs regardless of the nature of those claims**, whether related to individual capacity acts or omissions or official capacity acts or omissions, and **whether or not related to any alleged policies, customs or practices**.

**Ex. A**, at p. 2 (emphasis added). The Offer plainly stated that it must be accepted by "all of the plaintiffs." Id.

At approximately 12:52 p.m. on June 3, 2022, Plaintiffs Jennell Black,

individually and as Personal Representative of the Estate of Anton Black; Antone Black, individually and as Personal Representative of the Estate of Anton Black; Katyra Boyce, as mother and next friend of W.B. (collectively the "Family Plaintiffs") indicated their intent to accept the Offer. See Letter from Family Plaintiffs dated June 3, 2022, attached hereto and incorporated herein as **Ex. B**.

Within minutes of receiving the Family Plaintiffs' purported acceptance, at approximately 1:05 p.m., undersigned responded, stating that the Municipal Defendants would not consider the Offer to be accepted unless the Coalition also agreed to the terms contained therein, as the Offer was conditioned upon acceptance by all Plaintiffs. See Email from Jason Levine to Tomeka Church dated June 3, 2022, attached hereto and incorporated herein as **Ex. C**. The Family Plaintiffs did not reply.

That same day, at approximately 4:43 p.m., Plaintiff Coalition for Justice for Anton Black ("Coalition") informed Municipal Defendants that it was rejecting the Offer. See Letter from Coalition dated June 3, 2022, attached hereto and incorporated herein as **Ex. D**. The Coalition's rejection acknowledged that the Offer was "submitted to all plaintiffs on behalf of the" Municipal Defendants, but, nonetheless, rejected it because, in the Coalition's opinion, the Offer did not satisfactorily provide the equitable relief which the Coalition seeks. **Ex. D**, at p. 1. The Coalition contended that the Offer had no "legitimacy with respect to a named plaintiff, such as the Coalition, who is offered no relief whatsoever." Id. at p. 3.

At 5:15 p.m. that evening, undersigned wrote **all** counsel of record,

reiterating the collective understanding of the Municipal Defendants that the Offer had not been accepted, instead, it had been rejected based on the lack of unanimous agreement:

> The Rule 68 offer was clear an unambiguous – it expressly required all plaintiffs to join in acceptance of the monetary aware in exchange for the dismissal of all claims against the municipal defendants. I understand that it has not been rejected as to all plaintiffs.
> There is no requirement in Rule 68 that the offer match or mirror in any way the relief requested in the complaint, *i.e.*, regardless of whether the Coalition sought only equitable relief, the offer may be for monetary relief only.
>
> \*\*\*
>
> The case law in this circuit is clear that where there is no meeting of the minds, like here, there is no acceptance of the offer. Thus, it is deemed rejected in total. Should any party attempt to file the offer as accepted with the court, we will move to strike and seek all other available relief.

See Email to all counsel of record dated June 3, 2022, attached hereto and incorporated herein as **Ex. E**.

On the evening of June 3, 2022, undersigned wrote to counsel for all Plaintiffs, reiterating that, in order for the Offer to be considered accepted, both the Family Plaintiffs **and** the Coalition would have to agree to the terms contained therein. See Email from Jason Levine to John Freedman, et al., dated June 3, 2022, attached hereto and incorporated herein as **Ex. F**. Undersigned also stated that the Rule 68 offer of judgment would remain open until midnight, should both plaintiff groups agree to the terms contained therein. Id. Neither the Family Plaintiffs nor the Coalition responded either way until Monday, June 6, 2022.

On Monday June 6, 2022, Family Plaintiffs, in the absence of the unanimity required by the Offer, notified the Municipal Defendants of their intent

to file a notice of acceptance. See Letter from Family Plaintiffs dated June 6, 2022, attached hereto and incorporated herein as **Ex. G**. The Family Plaintiffs contend that "[t]here is no language in the Offer stating that acceptance of the offer is contingent on the acceptance of all Plaintiffs." Id. Despite the clear and unambiguous language in the Offer itself, and being again informed by the Municipal Defendants on June 3, 2022 that the Offer was contingent on unanimous acceptance by all plaintiffs, see **Ex. C**, Family Plaintiffs believe that any "opposition to the Black's family timely acceptance of the Offer will constitute bad faith by Defendants," **Ex. G**. The Family Plaintiffs then filed their purported notice of acceptance with the Court. See ECF 128.

Almost simultaneous with the filing of the notice, the Coalition responded to undersigned's email from Friday, June 3, 2022, again, rejecting the offer of judgment and accusing the Municipal Defendants of modifying the terms of the Family Plaintiffs' "acceptance." See Email from John Freedman to Jason Levine dated June 6, 2022, attached hereto and incorporated herein as **Ex. H**.

In response to the Notice of Acceptance of Rule 68 Offer of Judgment (ECF 128), the Municipal Defendants requested that the Clerk forgo entry of the same, as they intended to file the instant Motion to Strike. See ECF 129. As will be explained below, the Court must strike this purported partial acceptance which does not comport with the clear and unambiguous terms set forth in the Offer.

**ARGUMENT**

Rule 68 of the Federal Rules of Civil Procedure states, in part:

> **(a) Making an offer; Judgement on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a

> claim may serve on an opposing party an offer to allow judgment on **specified terms**, with the costs that accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

See Fed. R. Civ. P. 68 (emphasis added). The plain purpose of the Rule "is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5, 105 S. Ct. 3013, 3014 (1985) (citations omitted). The Rule "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Id. Offers of Judgment made pursuant to Rule 68 have been likened to contract offers in that there must be a "meeting of the minds" and a clear understanding of the terms for a valid acceptance of the offer. See Callahan v. Pacific Cycle, Inc., 756 F. App'x 216, 229–30 (4th Cir. 2018).

"In determining whether a Rule 68 offer of judgment has been offered or accepted, courts apply traditional principles of contract interpretation." Id. at 229 (4th Cir. 2018) (citations omitted). The United States District Court for the District of South Carolina recently stated the standard by which to evaluate Rule 68 offers and purported acceptances:

> To enforce a settlement agreement, the court "must find that there was a meeting of the minds as to all material terms." Ford, 2013 WL 1320416, at *1. Determining whether there was a meeting of the minds "derives from standard contract principles." Newson v. Prinston Pharm., Inc., 2021 WL 4258799, at *2 (W.D.N.C. Mar. 10, 2021) (internal quotation marks and citation omitted); see Sadighi

v. Daghighfekr, 66 F. Supp. 2d 752, 759 (D.S.C. 1999) (determining that for there to be an enforceable settlement agreement, there must be "a meeting of the minds, a mutual assent to be bound to the essential and material terms of the contract"). "An acceptance has to match the precise terms of the offer …. If there are differences[,] then the response is a counteroffer and a rejection of the offer, which creates no contract because there is no meeting of the minds as to every material term." Hayes v. SAFE Fed. Credit Union, 2020 WL 5988067, at *4 (D.S.C. Feb. 4, 2020), report and recommendation adopted by 2020 WL 3989569 (D.S.C. July 15, 2020) (quoting Grubb & Ellis Co. v. Potomac Med. Bldg., LLC, 2009 WL 3175999, at *9 (E.D. Va. Sept. 30, 2009)).

Mackie v. Coconut Joe's IOP LLC, No. 2:20-CV-02562-DCN, 2022 WL 1261386, at *3 (D.S.C. Apr. 28, 2022) (finding there was not meeting of the minds where defendants put forth an offer to settle an FLSA clam and the plaintiff purported to accept an offer in settlement of all claims).

"It is axiomatic that valid acceptance of an offer requires complete acceptance." Callahan., 756 F. App'x at 229. "It is well settled that a proposal to accept, or an acceptance upon terms varying from those offered is a rejection of an offer[.]" Iselin v. United States, 271 U.S. 136, 139, 46 S. Ct. 458 (1926). An "offeree cannot accept the terms of a contract after changing the terms of the contract." Callahan, 756 F. App'x at 229. Offers of judgment which are contingent upon the acceptance of certain conditions are permissible. To be effective, such conditional offers must be accepted as a whole. See Dawson v. General Motors Corp., 977 F.2d 369, 374 (7th Cir 1992).

An offer which is contingent upon the unanimous acceptance of multiple plaintiffs is valid. See Tocwish v. Jablon, 183 F.R.D. 239, 240–41 (N.D. Ill. 1998). An offer of judgment will be considered void where it is conditioned on unanimous acceptance by multiple plaintiffs but not all of the plaintiffs accept

it. See id.; <u>Amati v. City of Woodstock</u>, 176 F.3d 952 (7th Cir. 1999) (holding that defendants could condition pretrial offer of judgment on all of plaintiffs' acceptance of offer, and because it was not unanimously accepted, those plaintiffs who wished to accept could not enforce the offer). "[N]othing in the policy which underlies Rule 68 precludes a defendant from making and insisting [a]n all or nothing offer of judgment." <u>Tocwish</u>, 183 F.R.D. at 241.

Here, the Offer is clear that its effectiveness was contingent upon the acceptance of **all** the Plaintiffs. See **Ex. A** ("[A]cceptance of this offer, and payment of the offered amount, constitutes a release, discharge, and relinquishment **of any and all claims by all Plaintiffs**"). The Family Plaintiffs' purported acceptance of the Offer changed the terms of the Offer. Therefore, Plaintiffs' conduct here is simply an attempt to create ambiguity where none exists.

Nevertheless, even if the conditions set forth in the Offer were not clear to all of the Plaintiffs, which they were, the Municipal Defendants reiterated to both the Coalition and Family Plaintiffs of the unanimous acceptance requirement prior to the Family Plaintiffs' filing. See **Ex. C** & **Ex. E** (informing all Plaintiffs that the offer of judgment "<u>unequivocally requires all plaintiffs to join</u>"). The Family Plaintiffs' subsequent attempt to circumvent such by filing their Notice of Acceptance is a nullity and cannot be a method by which they may enjoy the payment offered without all Plaintiffs satisfying the conditions contained in the Offer and reiterated by undersigned. Therefore, the Notice of Acceptance must be stricken.

In an attempt to obfuscate the Offer's stated purpose of extinguishing <u>all</u> claims advanced by <u>all</u> Plaintiffs against the Municipal Defendants, the Coalition contends that the Offer is inoperative as to it because any relief which may be achieved as a result of trial on the merits will surpass the relief offered. <u>See</u> **Ex. D**. This argument is of no consequence. The Coalition relies on <u>Reiter v. MTA New York City Transit Auth.</u>, 457 F.3d 224 (2d Cir. 2006) to support its tenuous position. That case, however, is inapposite, as it is an employee case in which reinstatement was sought and did not involve a situation whereby one plaintiff attempted to accept an offer of judgment and the other rejected it, despite the offer's clear requirement of unanimous acceptance. In <u>Reiter</u>, a case with only one plaintiff, the court was asked to determine costs associated with a previously accepted offer of judgment following trial. That is not the situation here. In any event, the Offer's stated purpose was to extinguish all claims by all Plaintiffs, including claims "related to any alleged policies, customs or practices." **Ex. A**, at p. 2

Should the Court conclude that the terms of the Offer were not clear, which they were, and despite the terms of the offer being explained, striking the Offer is also required. <u>See</u> <u>Boorstein</u>, 107 F.R.D. at 24. "[A]mbiguous offers should be clarified or stricken to further the purposes of Rule 68 and to protect the ability of parties to make reasonable decisions regarding the conduct of litigation." <u>Id.</u> Here, it is evident that the parties disagree on the clear and unambiguous terms contained in the Offer. It would run counter to the purpose of the Rule and serve to punish the Municipal Defendants should the Court accept the Family

Plaintiffs' purported acceptance.

## CONCLUSION

For all of the foregoing reasons, the Court must strike the Notice of Acceptance of Rule 68 Offer of Judgment.

Respectfully submitted,

KARPINSKI, CORNBROOKS & KARP, P.A.

BY:     /s/ Kevin Karpinski
KEVIN KARPINSKI, #11849
AIS # 9312150114
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
kevin@bkcklaw.com
*Counsel for Defendant Thomas Webster, IV*

KARPINSKI, CORNBROOKS & KARP, P.A.

BY:     /s/ Daniel Karp
DANIEL KARP, #00877
AIS #7612010190
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
410-727-5000
brunokarp@bkcklaw.com
*Counsel for Defendants Michael Petyo and Jeanette Cleveland*

KARPINSKI, CORNBROOKS & KARP, P.A.

BY:     /s/ Ernest I. Cornbrooks, IV
ERNEST I. CORNBROOKS, IV, #28296
AIS #0612120170
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
410-727-5000
scornbrooks@bkcklaw.com
*Counsel for the Town of Greensboro*

LOCAL GOVERNMENT INSURANCE TRUST

BY:       /s/ Jason L. Levine
        JASON L. LEVINE, #16631
        AIS #0512140197
        7225 Parkway Drive
        Hanover, Maryland 21076
        443-561-1700
        jlevine@lgit.org
        *Counsel for Chief Gary Manos*

LOCAL GOVERNMENT INSURANCE TRUST

BY:       /s/ Raymond R. Mulera
        RAYMOND R. MULERA, #98454
        AIS #9112180270
        7225 Parkway Drive
        Hanover, Maryland 21076
        443-561-1700
        rmulera@lgit.org
        *Counsel for Town of Ridgely*

LOCAL GOVERNMENT INSURANCE TRUST

BY:       /s/ William Dickerson
        WILLIAM DICKERSON, #
        AIS #8812150147
        7225 Parkway Drive
        Hanover, Maryland 21076
        443-561-1700
        wdickerson@lgit.org
        *Counsel for Town of Centreville*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2022, a copy of the foregoing was sent by first class mail, postage prepaid to:

Daniel Karp, Esquire
Karpinski, Cornbrooks & Karp, P.A.
120 East Baltimore Street, Suite 1850
Baltimore, Maryland 21202-1617
***Counsel for Defendant Michael Petyo and Jeanette Cleveland***

E. I. Cornbrooks, IV, Esquire
Karpinski, Cornbrooks & Karp, P.A.
120 East Baltimore Street, Suite 1850
Baltimore, Maryland 21202-1617
***Counsel for Town of Greensboro***

Jason L. Levine, Esquire
Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076
***Counsel for Chief Gary Manos***

Raymond R. Mulera, Esquire
Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076
***Counsel for Town of Ridgely***

Patrick D. McKevitt, Esquire
Beatrice Thomas, Esquire
Whiteford, Taylor & Preston
7 St. Paul Street
Baltimore, Maryland 21202-1636
***Counsel for Officer Dennis Lannon***

Michael J. Baxter, Esquire
David J. McManus, Esquire
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
***Counsel for Defendants Russell Alexander, MD. and David Fowler, MB., ChB., in their individual capacities***

William Dickerson, Esquire
Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076
***Counsel for Town of Centreville***

John Kuchno, Esquire
Justin E. Fine, Esquire
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
***Counsel for Defendants Victor Weedn, M.D., Russell Alexander, M.D. and the State of Maryland***

Tomeka G. Church, Esquire
711 St. Paul Street
Baltimore, Maryland 21202

Leslie D. Hershfield, Esquire
Schulman, Hershfield & Gilden, P.A.
One East Pratt Street, Suite 904
Baltimore, Maryland 21202

René C. Swafford, Esquire
Law Office of Rene C. Swafford, LLC
P.O. Box 392
Greensboro, Maryland 21639

Deborah A. Jeon, Esquire
Sonia Kumar, Esquire
Tierney Peprah, Esquire
ACLU of Maryland
3600 Clipper Mill Road
Suite 350
Baltimore, Maryland 21211
***Counsel for Plaintiffs***

John A. Freedman, Esquire
Jayce Born, Esquire
Florence Bryan, Esquire
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001

Ryan D. Budhu, Esquire
Joseph P. Klemme, Esquire
John F. Mezzanotte, Esquire
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
***Counsel for Coalition for Justice for Anton Black***

                                         BY:     /s/
                                                       Counsel for Defendant
                                                       Thomas Webster, IV