# EXHIBIT D

# Kevin Karpinski

| | |
|---|---|
| **From:** | Freedman, John A. <John.Freedman@arnoldporter.com> |
| **Sent:** | Friday, June 03, 2022 4:33 PM |
| **To:** | 'Jason L. Levine' |
| **Cc:** | Kevin Karpinski; Daniel Karp; McKevitt, Patrick; Bill Dickerson; Ray Mulera; Skip Cornbrooks; Elizabeth Martinez; Tia Nicole Bowman; jeon@aclu-md.org; Leslie D. Hershfield; kumar@aclu-md.org; rwaffordster@gmail.com; kumar@aclu-md.org; tpeprah@aclu-md.org; Tchurch@thechurchlawfirm.com |
| **Subject:** | RE: Black v. Webster, et al. - - RULE 68 OFFER OF JUDGMENT |
| **Attachments:** | Black v Webster Response to Rule 68 Offer of Judgment.pdf |

Counsel --

Please see the attached letter.

---

John A. Freedman

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316
John.Freedman@arnoldporter.com | www.arnoldporter.com

---

**From:** Jason L. Levine <JLevine@lgit.org>
**Sent:** Friday, May 20, 2022 10:00 AM
**To:** zzz.External.jeon@aclu-md.org <jeon@aclu-md.org>; Freedman, John A. <John.Freedman@arnoldporter.com>; Leslie D. Hershfield <lhershfield@SHG-Legal.com>; kumar@aclu-md.org; rwaffordster@gmail.com; kumar@aclu-md.org; tpeprah@aclu-md.org; Tchurch@thechurchlawfirm.com
**Cc:** Kevin Karpinski <kevin@bkcklaw.com>; Daniel Karp <brunokarp@aol.com>; McKevitt, Patrick <pmckevitt@wtplaw.com>; Bill Dickerson <WDickerson@lgit.org>; Ray Mulera <RMulera@lgit.org>; Skip Cornbrooks <scornbrooks@bkcklaw.com>; Elizabeth Martinez <ElizabethM@lgit.org>; Tia Nicole Bowman <TBowman@lgit.org>
**Subject:** Black v. Webster, et al. - - RULE 68 OFFER OF JUDGMENT

| External E-mail |

Dear Counsel:
Please see the attached Fed. R. Civ. P. 68 Offer of Judgment.
Thanks very much.

Jason Levine

# Jason Levine

1

Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076
Direct Dial: (443) 561-1708



This message is intended only for the use of the individual(s) or entity(ies) to which it is addressed and may contain information that is Attorney-Client privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please delete this message from all computers and notify the sender immediately. Thank you.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# Arnold & Porter

**John A. Freedman**
+1 202.942.5316 Direct
John.Freedman@arnoldporter.com

June 3, 2022

<u>**VIA E-MAIL**</u>

Jason L. Levine, Esq.
Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076

      Re:    *Black, et al. v Webster, et al.* Civil No.: CCB-20-3644

Dear Jason:

      I write on behalf of my client, the Coalition for Justice for Anton Black, in response to your May 20, 2022 letter extending a Rule 68 Offer of Judgment in the above-referenced lawsuit on behalf of certain of the municipal defendants. For reasons that follow, the Coalition hereby rejects your offer.

      The Offer of Judgment states that it is submitted to all plaintiffs on behalf of individual defendants Thomas Webster, Gary Manos, Jeannette Cleveland, and Michael Petyo (but not defendant Dennis Lannon)[1] as well as the Towns of Greensboro, Ridgely and Centreville; it would permit judgment to be taken against these named defendants in the amount of $5,000,001, purportedly "inclusive of all attorneys' fees and costs." Beyond this monetary amount, no other relief is offered.

      This is a civil rights case against police officials, municipalities and state medical examiners seeking *inter alia* institutional reforms to prevent future police violence, to promote accountability when such incidents do occur, and to secure monetary relief for the family of Anton Black, a teenager killed by your clients. As a plaintiff in this lawsuit, the Coalition for Justice for Anton Black seeks no monetary relief, but rather, participates in this litigation exclusively for purposes of seeking equitable and declaratory relief to help prevent recurrence of police violence. Compl. ¶ 11, Prayer for Relief ¶¶ B-G. As set forth

---

[1] The fact that that the Offer is expressly *not* submitted on behalf of Defendant Lannon would seem to make it entirely inapplicable as to this Defendant.

# Arnold & Porter

Jason L. Levine, Esq
June 3, 2022
Page 2

in the Complaint and in our subsequent settlement proposals to you, with respect to the municipal defendants the relief sought by the Coalition includes:

1. Establishment of civilian-led police accountability boards;

2. Revisions to Use of Force policies, including policies for de-escalation and active bystandership, with training as to each;

3. Ban use of the prone restraint in all circumstances;

4. Establish a mechanism for independent investigation of serious injuries and deaths in police custody;

5. Overhaul of mental health response policies in collaboration with mental health professionals, including protocols and training for screening mental health emergencies and 24/7 coverage for assistance to responding officers;

6. Revise Hiring/Personnel Policies to provide public notice of opening and applicants and prohibition on hiring candidates with records of excessive force or racist conduct;

7. Establish policy automatically placing on unpaid leave officers under investigation for in-custody deaths, excessive force, racist or discriminatory conduct pending resolution of the investigation;

8. Create a mechanism for release of citizen complaints and agency disciplinary statistics through the municipalities' websites.

Reforms like these are the sole focus of the Coalition's claims.

As to the Coalition, the offer would require extinguishing all of the Coalition's claims against the municipal defendants (except Lannon) while offering no equitable relief at all. As a practical matter, this renders the Offer inoperative as to the Coalition with respect to cost-shifting under Rule 68, because *any relief at all* achieved by the Coalition will surpass the relief offered. *See, e.g., Reiter v. MTA New York Transit Authority*, 457 F.3d 224 (2nd Cir. 2006)(reversing as "clearly erroneous" imposition of Rule 68 cost shifting where offer of judgment lacked equitable relief ultimately granted by the Court and lower court ruling failed "to appreciate the significance of equitable relief in civil rights

# Arnold & Porter

Jason L. Levine, Esq
June 3, 2022
Page 3

litigation" and drew "indefensible conclusions about the worthlessness of the equitable relief" obtained.)

When our co-counsel contacted you to raise concern about the Offer's inapplicability to the Coalition and to discuss the possibility of negotiating equitable relief as part of an overall resolution with the municipal defendants, you suggested this was possible, but informed him that this would have to be taken up with Skip Cornbrooks. We then contacted Mr. Cornbrooks to follow up about this matter, but have received no response. You subsequently refused an extension of time to respond to the Offer to permit discussion about the Coalition's claims. As a result, the Offer remains silent as to provision of any relief to the Coalition.

Offers of Judgment must be clear and unambiguous. Any ambiguities are construed against the defendant making the Offer of Judgment. *First Fin. Ins. Co. v. Hammons*, 58 Fed. Appx. 31, 34 (4th Cir. 2003), *quoting Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391-92 (7th Cir. 1999). Defendants will thus bear the burden of proving that this offer has any legitimacy with respect to a named plaintiff, such as the Coalition, who is offered no relief whatsoever.

For these reasons, the May 20 offer is rejected as invalid as to the Coalition.

Should Defendants wish to later discuss settlement or extend an offer to the Coalition that is responsive to the Coalition's claims and demands, as contemplated by Rule 68, you or your colleagues should feel free to reach out to us.

Very truly yours,

*/s/ John A. Freedman*
John A. Freedman

cc: Deborah Jeon
Richard Potter

US 172029092v1