# KARPINSKI, CORNBROOKS & KARP, P.A.
## ATTORNEYS AT LAW
**120 East Baltimore Street, Suite 1850**
**Baltimore, Maryland 21202-1617**

---------------

Telephone  410-727-5000
Facsimile  410-727-0861
Email bkcklaw@aol.com
Website www.kcklegal.com

KEVIN KARPINSKI *
E. I. CORNBROOKS, IV
-------------------
DANIEL M. SCAPARDINE
JASON C. PARKINS
ASHLEY C. FISHER
MEGAN E. SCHUMM

\* Admitted in MD and DC

DANIEL KARP
MICHAEL B. RYND
OF COUNSEL
-------
RICHARD T. COLARESI
RETIRED

June 10, 2022

via electronic filing
The Honorable Catherine C. Blake
United States District Court
for the District of Maryland
Northern Division
Garmatz Federal Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

    RE:    340-179
              Case No.: 1:20-cv-03644-CCB
              *Jennell Black, et al. v. Thomas Webster, et al.*

Dear Judge Blake:

      The individual officer Defendants and the Defendant municipalities (hereinafter collectively the "Municipal Defendants") seek to informally address[1] Plaintiffs' Motion for Protective Order or, in the Alternative, for Stay of Discovery, and respectfully request a telephonic conference in advance of Thursday, June 16, 2022, when the deposition of Plaintiff Jennell Black is scheduled to take place.

      The Municipal Defendants' response to the Plaintiffs' Motion for Protective Order or, in the Alternative, for Stay of Discovery is as follows:

      To begin, the Court may recall that at the initial scheduling conference

---

[1] It has been undersigned's experience that several members of the bench have adopted a practice of allowing informal briefing of discovery disputes in order to obtain an expedited resolution. If Your Honor would prefer more formal briefing, the Municipal Defendants will certainly do so.

call, which occurred on February 17, 2022, it was the Plaintiffs who were adamant that discovery not be stayed pending the upcoming mediation and who pushed for the most aggressive, shortest discovery period possible. Shortly after issuance of the Scheduling Order, these Defendants propounded written discovery and began to attempt to schedule depositions. Plaintiffs (except for the Coalition, which only last week propounded discovery) waited until the end of March to propound written discovery upon the Defendants and completely ignored email requests for deposition dates for both parties and non-parties for several weeks. As a result, the Defendants were forced to unilaterally note depositions and pursue discovery without Plaintiffs' cooperation.

As discovery was progressing, these Defendants submitted a Rule 68 offer of judgment to all Plaintiffs, that two of the three sets of Plaintiffs have purportedly accepted.[2] As the Motion to Strike lays out, the supposed acceptance was ineffective because the offer required all Plaintiffs to accept and extinguish all claims. Plaintiffs also requested, contemporaneously with the "back-and-forth" emails over the offer of judgment, that the deposition notices that were pending "be pulled" because, according to Plaintiffs (namely, the Coalition), the Defendants have failed to produce some unspecified discovery. It is worth noting at this point that the Coalition did not propound any written discovery until late in the day on June 4th and only sought full and complete answers/responses to those already given to Jennell Black's discovery requests. The Coalition did not articulate what discovery it was missing or how the information would prejudice their ability to attend and participate in the upcoming depositions. In any event, Defendants stated that the depositions would proceed, and, in some sort of apparent protest, all Plaintiffs' counsel failed to appear for either of the two depositions which took place earlier this week. To be clear, even Counsel for the Coalition, which inexplicably rejected the offer of judgment, failed to attend the deposition. Thus, one was taken without Plaintiffs' counsel's participation.[3]

The next deposition to be taken is of Plaintiff Jennell Black, which is scheduled for next Thursday, June 16th. Ms. Black actually observed some of the interaction between some of the individual-officer Defendants and her son,

---

[2] If Plaintiffs' odd interpretation of the offer is correct, and it was capable of acceptance by any or all, then it begs the question why both family Plaintiffs accepted it instead of just one.

[3] One of the deponents did not appear after having been properly served and will be the subject of a Show Cause request to be filed shortly.

Anton Black. She would be disposed as a party or a non-party witness, regardless. To delay the taking of her deposition, Plaintiffs (less the Coalition) now offer the shifting explanation or excuse that "the case is over" and deposing her will "traumatize her." At this stage, however, no aspect of the case has concluded. Indeed, one Plaintiff is demanding additional (unspecified) discovery. Party plaintiffs cannot avail themselves of the judicial process by filing a lawsuit and then claim they will be "traumatized" when the Defendants seek to defend it – and particularly here, where Ms. Black literally witnessed the events giving rise to this action. Additionally, it is highly implausible that Ms. Black, who has given multiple interviews to podcasters and other media about the death of her son, will be "traumatized" by being deposed in a lawsuit that she filed. As such, these Defendants oppose any request for a protective order or a stay as the request is simply meritless.

  In the alternative, should the Court be inclined to stay discovery pending resolution of the offer of judgment, then it would of course be necessary to extend all remaining deadlines in the Scheduling Order. Thus, if the Court grants the stay, then these Defendants respectfully request that it also expressly rule that all remaining deadlines are stayed as well, and that when discovery resumes, these Defendants will be entitled to first take the outstanding depositions that have already been noted before any others may be taken.

  The contents stated herein have been reviewed and approved by all counsel for the Municipal Defendants. Thank you for Your Honor's time and consideration.

        Sincerely yours,

        KARPINSKI, CORNBROOKS & KARP, P.A.

        /s/

        By: Kevin Karpinski

KK:ds