# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | | |
|---|---|---|
| JENNELL BLACK, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:20-cv-03644-CCB |
| THOMAS WEBSTER IV, et al. | * | |
| Defendants. | * | |

## PLAINTIFF COALITION FOR JUSTICE FOR ANTON BLACKS' RESPONSE TO MUNICIPAL DEFENDANTS' MOTION TO STRIKE (ECF 132)

Plaintiff Coalition for Justice for Anton Black ("Coalition") submits this Response to certain Defendants' Motion to Strike (ECF 132).

1. The Coalition did not read or understand the May 20, 2022 Offer of Judgment (ECF 128-1) made on behalf of the three municipal defendants and four of the five municipal employees to require the Coalition's acceptance to be effective. While the Offer of Judgment ("Offer") was extended to all plaintiffs (ECF 128-1 at 1 (offer made "to all Plaintiffs")), the Defendants' "intent," and spelling out the consequences to the claims of Plaintiffs who accepted (*i.e.,* that they would purportedly be required to "execute a release" that was a general release covering all claims) (ECF 128-1 at 2), there was no express condition in the Offer either requiring all Plaintiffs to participate in order for the Offer to be effective, or that the Offer would not be effective without participation of all Plaintiffs.

2. Defendants' motion is premised on conflating the concept of a contractual consequence (what happens if Plaintiffs accept) with a condition (what the Plaintiffs must do to accept). This is a basic error in interpreting the provision, because Maryland, like most states, employs a "strict

interpretation as to the type of language that creates a condition precedent." *N.Y. Bronze Powder Co. v. Benjamin Acquisition Corp.*, 716 A.2d 230, 234 (Md. Ct. App. 1998) (construing New York law). Under Maryland law, "conditions precedent are not favored in law and courts should not construe such unless required to do so by plain, unambiguous language or necessary implication." *JE Dunn Cost. V. SRP Dev. Ltd. Partnership*, 115 F. Supp. 3d 593, 607 (D. Md. 2015) (citing *Hubler Rentals, Inc. v. Roadway Exp., Inc.*, 637 F.2d 257, 263 n.2 (4th Cir. 1981). A contractual condition is usually signified by using "words and phrases [such] as 'if' and 'provided that,' [or] 'when,' 'after,' 'as soon as,' or 'subject to.'" *Chirchella v. Erwin*, 310 A.2d 555, 557 (Md. Ct. App. 1973) (explaining distinction between "conditions" and "consequences" under Maryland law." Neither the language cited by Defendants in their Motion nor any other portion of the May 20, 2022 Offer contains such words establishing a condition. And the Court should not imply one.

3. This interpretation that the Offer did not include a unanimity condition is not only confirmed by the plain language of the Offer, but as discussed below, it is the most reasonable interpretation in light of the full context of the litigation, discussions between the Parties, and Rule 68 case law, which makes clear that had Defendants actually included a unanimity condition requiring the Coalition's acceptance in their May 20, 2022 Offer, it would have rendered the Offer unenforceable and meaningless as a matter of law. Of particular note, Defendants nowhere in their motion discuss the pre-acceptance discussions between counsel about the Offer and its meaning, which included:

- discussion between defense counsel and counsel for the Black Family Plaintiffs regarding, *inter alia*, the fact that the Offer did not address the Coalition's claims for injunctive or declaratory relief;

2

- the Coalition's subsequent May 26, 2022 written communication to defense counsel characterizing the Rule 68 Offer as an "Offer of Partial Judgment" and noting the Offer failed to address the Coalition's claims for equitable or injunctive relief, *see* Ex. A;[1] and

- defense counsel's failure to dispute the characterization in the Coalition's email of the Rule 68 Offer as an "Offer of Partial Judgment," or otherwise suggest in response that the Coalition's participation was a required condition to make the Rule 68 Offer effective.

To be clear, at no time prior to the Black Family Plaintiffs' acceptance did defense counsel suggest that the Coalition's participation was a necessary condition to the Rule 68 Offer.

4. If the Coalition's participation was a condition of the Rule 68 Offer's effectiveness, that should have been expressly stated in the Offer. For illustrative purposes, the Coalition has attached examples of Offers of Judgment that included such an express condition in the clear langauge required by Maryland law. *See* Ex. B at 2 ("Defendants shall pay this Offer of Judgment . . . only if all other named Plaintiffs in this case, as of today's date, accept the Offers of Judgment . . . ."); Ex. C at ¶ 4 ("This Offer of Judgment is conditioned on the unanimous acceptance of all seven (7) Plaintiffs"); Ex. D ("Acceptance by less than all plaintiffs shall be deemed a rejection of this offer"). No similar language is found in the May 20, 2022 Offer. As these examples make clear, crafting a Rule 68 Offer is not rocket science, and if an Offer is conditioned on participation of all plaintiffs, it is not difficult to state that point clearly.

5. Perhaps recognizing the weakness of their position within the four corners of the May 20, 2022 Offer, Defendants have submitted extensive extrinsic evidence of the Offer's meaning,

---

[1] The Coalition has waived its Rule 408 claim as to this email.

ECF 132 at 3-5 (discussing exhibits submitted at ECF 132-3 through 132-8), and concede the possibility that the Offer was "ambiguous," ECF 132 at 9.  While it is black letter law that "extrinsic evidence" offered by the party who makes a Rule 68 Offer "should not be considered," *Bosley v. Mineral County Comm'n*, 650 F.3d 408, 414 (4th Cir. 2011), it can be appropriate to consider extrinsic evidence to the extent that it is helpful to the non-drafting party.  *See, e.g., Kyreakakis v. Paternoster*, 732 F. Supp. 1287, 1292 (D.N.J. 1990).  Such evidence, including Rule 68 case law, the context of this lawsuit, and the pre-acceptance discussions between the Parties, in addition to the Offer's failure to expressly state that it was contingent on the Coalition's acceptance, all confirm that the Coalition's reading and interpretation of the Rule 68 Offer is not only reasonable, but also the most logical interpretation of the Rule 68 Offer.

6.  First, it bears emphasis that defense counsel drafted the May 20, 2022 Rule 68 Offer, and accordingly, the offer is to be construed against the drafter consistent with the principle of *contra proferentuem*.  *See, e.g., Bosley*, 650 F.3d at 414.  A plaintiff is entitled to "construe the offer's terms strictly, . . . and ambiguities are to be resolved against the offeror."  *Id.* (citation omitted); *Erdman v. Cochise Cnty.*, 926 F.2d 877, 880 (9th Cir. 1991).  "[T]he plaintiff must know unequivocally what is being offered in order to be responsible for refusing such offer."  *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (citation omitted) (alteration in original), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).  "[A] defendant should state his intentions clearly, and any failure to do so will be at his peril."  *Chambers v. Manning*, 169 F.R.D. 5, 8 (D. Conn. 1996).

7. Second, unlike the Seventh Circuit decision cited by the Defendants that recognizes the right to condition a Rule 68 Offer on the participation of all Plaintiffs, ECF 132 at 8,[2] the Fourth Circuit has repeatedly emphasized that a Rule 68 Offer of Judgment "must be unconditional." *See, e.g., Warren,* 676 F.3d at 371 (citation omitted); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011). This position is consistent with Supreme Court guidance on Rule 68 offers. *See, e.g., Campbell-Ewald*, 577 U.S. at 170 (Thomas, J., concurring) (noting Rule 68 had its "origins in the law of tenders" which requires a tender to be made "in an 'unconditional manner'" (citation omitted)). *See also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3002 (3d ed.) (a Rule 68 offer "must be unconditional").

The significance of the Fourth Circuit guidance is that had defense counsel expressly conditioned their Offer on the participation of all Plaintiffs (including the Coalition), the Offer would have violated the requirement that Rule 68 be "unconditional," and would not be enforceable. In light of this, it is reasonable to assume, consistent with the lack of express language in the agreement, that defense counsel decided not to expressly condition the offer on an impermissible condition that would have made the offer *void ad initio*.

8. Third, the Coalition is seeking only injunctive and equitable relief in this action. *See* ECF 38 ¶ 11. The May 20, 2022 offer did not include any terms that addressed the Coalition's demand. As a matter of contract law, the Offer would not be enforceable as to the Coalition because a contract "must be supported by adequate consideration in order to be valid and enforceable." *Caire v. Conifer Value Based Care, LLC*, 982 F. Supp. 2d 582, 591 (D. Md. 2013).

---

[2] Defendants incorrectly suggest that *Tocwish v. Jablon*, 183 F.R.D. 239 (N.D. Ill. 1998) held that a Rule 68 offer that have a unanimity condition are "valid." ECF 132 at 7-8. Instead, the *Tocwish* court specifically found the "Defendants' conditional offer invalid . . . ." *Id.* at 242.

5

Another way of thinking about this is that, as to the Coalition, the May 20, 2022 Offer is what the Rule 68 case law refers to as a "sham" or "bad faith" offer, which cannot be enforced. *See generally August v. Delta Air Lines, Inc.*, 600 F.2d 699 (7th Cir. 1979) (affirming refusal to enforce a Rule 68 offer where it does not "justify serious consideration by the plaintiff") *aff'd on other grounds*, 450 U.S. 346 (1981); *Slovin v. Sunrun, Inc.*, No. 15-CV-5340, 2017 WL 2902902 (N.D. Cal. July 7, 2017) (invalidating offer).

To be clear, there is no circumstance under which the May 20, 2022 Offer could be effective as to the Coalition. At trial, either the Coalition will prevail and obtain injunctive or declaratory relief in which case the May 20, 2022 Offer would not be effective because any injunctive or declaratory relief would be more than the Defendants offered, *see, e.g., Reiter v. MTA New York Transit Authority*, 457 F.3d 224, 229 (2d Cir. 2006), or the Defendants will win in which case no judgment would be entered *against* the Defendants and the May 22, 2022 Offer would not be operative. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 354, 356 (1981) (noting Rule 68 "does not apply to judgments in favor of the defendant" and that "it is hardly fair or evenhanded to make the plaintiff's rejection of an utterly frivolous settlement offer a watershed event"). In other words, the May 20, 2022 Offer to the Coalition was entirely illusory, as the Coalition specifically noted in its June 3, 2022 written rejection of the Offer. *See* Ex. E.

Again, defense counsel is presumed to understand the Rule 68 case law, and had defense counsel expressly conditioned their Rule 68 Offer on the participation of the Coalition without offering equitable or injunctive relief, they should have understood the Offer was meaningless and unenforceable as to the Coalition. Accordingly, it is reasonable to assume that defense counsel, consistent with their failure to expressly so state, did not condition the May 20, 2022 Offer on the Coalition's participation, which would have made the offer *void ad initio*.

9. Fourth, the pre-acceptance communications between the Parties (which Defendants do not discuss in their Motion) support the interpretation that the Offer, as drafted, did not require the Coalition's participation. In particular, when the Coalition advised defense counsel on May 26, 2022 that the May 20, 2022 Offer was only an "Offer of Partial Judgment" and failed to address the Coalition's claims, and sought clarification or modification of the Offer, defense counsel neither disputed that the Offer was incomplete, nor that the Offer offered nothing to the Coalition, nor did it advise that the Coalition's participation was necessary for the May 20, 2022 Offer to be effective. *See* Ex. A.[3]

Defense counsel never responded to that email. Nor could Defendants dispute the May 20, 2022 Offer is only for a "Partial Judgment"; among other things, it does not cover Defendant Lannon, or the State Defendants Fowler, Alexander, or the Office of the Medical Examiner. Nor, for the reasons discussed above, can Defendants dispute that the Offer was ineffective as a matter of law as to the Coalition. And prior to the Black Family's acceptance of the May 20, 2022 Offer, defense counsel never advised the Coalition that it believed the Coalition's participation was a necessary condition of the Offer.

The Defendants' failure to respond to the Coalition's request for clarification, as well as Defendants' failure to advise that the Coalition was a required participant, should be construed against them. *See, e.g., Howell v. Conkle*, No. 2:13-cv-406, 2014 WL 12591849, at *5-6 (S.D. Ohio 2014).

---

[3] This email followed a discussion between Mr. Levine and Mr. Hershfield during which Mr. Hershfield noted the Offer's failure to address the Coalition's equitable and declaratory claims, and Mr. Levine directed Plaintiffs to follow up with Mr. Cornbrooks, counsel for the Town of Greensboro.

10. Finally, defense counsel's statements and conduct following the acceptance of the Offer by the Black Family Plaintiffs, Exs. F, G, H, and I confirm that the Defendants are retroactively trying to rewrite the offer after it was accepted. Specifically:

- Only after the Black Family Plaintiffa accepted the Offer did defense counsel wrote on June 3, 2022 at 1:05 pm that the "offer was expressly conditioned upon" the acceptance of the Coalition. Ex. F. That communication cited no language "expressly conditioning" the offer in any such way.

- On Friday June 3, 2022 at 9:01 pm, following the Coalition's communication that the Offer was not valid as to the Coalition, Ex. E, defense counsel wrote a threatening email to the Coalition and demanded a response by midnight. Because defense counsel made this communication under Rule 408, Plaintiffs are not submitting it.

- Following the Coalition's response on June 6, Ex. G, defense counsel wrote that the letter "plainly states it must be accepted by, and extinguish the claims of all the plaintiffs," but did not cite any such language establishing the condition was in the actual Offer. Defense counsel also threatened to seek sanctions against the Coalition. Ex. H.[4]

---

[4] In addition to misrepresenting the contents of the May 20, 2022 Rule 68 Offer, defense counsel made serious misrepresentations in this communication. For example, in refusing to pull down deposition notices, defense counsel stated "the defendants have met their discovery obligations." At that time, defense counsel had been served with three motions to compel, arising from the fact, *inter alia,* that Defendants Webster and Greensboro had produced not a single document, and Defendant Lannon had produced only two pages, in response to requests for production. The Coalition expects to raise Defendants' compliance with its discovery obligations as soon as the Local Rule 104.8 process has concluded.

- Defense counsel subsequently wrote "the offer letter says literally the opposite" of Plaintiffs' position, again without identifying any language in the Offer, literally or otherwise that stated the Coalition's participation was a necessary condition of the Offer. Defense counsel again threatened to seek sanctions. Ex. I.

These communications, increasingly strident, represent post-acceptance efforts by Defendants to modify the terms of the Rule 68 Offer to impose a condition that was not stated within the four corners of the accepted Offer. Courts have "consistently resisted efforts by either party to qualify or explicate the terms of an accepted offer, . . . or the terms of a rejected offer. . . . And there is good reason for this narrow approach: after-the-fact efforts to clarify offers 'undermine the Rule's purpose . . . ." *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075-76 (7th Cir. 1999) (citations omitted). The Court should similarly reject Defendants' efforts here.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Strike, and should set a status conference to address further proceedings in this case.

Respectfully Submitted,

*/s/ Deborah A. Jeon, Esq.*
Deborah A. Jeon, Bar No. 06905
Sonia Kumar, Bar No. 07196
ACLU of Maryland
3600 Clipper Mill Road, Suite 350
Baltimore, Maryland 21211
P: 410-889-8550
E: jeon@aclu-md.org
E: kumar@aclu-md.org

*/s/ John A. Freedman*
John A. Freedman, D. Md. No. 20276
Jayce Born (*pro hac forthcoming*)
Megan Pieper (*pro hac forthcoming*)
Florence Bryan (*pro hac forthcoming*)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, N.W.

Washington, DC  20001
P: 202-942-5000
E: john.freedman@arnoldporter.com
E: jayce.born@arnoldporter.com
E: megan.pieper@arnoldporter.com
E. florence.bryan@arnoldporter.com

Ryan Budhu (*pro hac forthcoming*)
Joseph P. Klemme (*pro hac forthcoming*)
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY  10019-9710
P: 212-836-8000
E: ryan.budhu@arnoldporter.com
E: joseph.klemme@arnoldporter.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2022, notice of the foregoing filing was electronically filed in this case through the ECF system and a copy was served electronically upon counsel of record.

*/s/ John A. Freedman*
John A. Freedman