IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNELL BLACK, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:20-cv-03644-CCB |
| THOMAS WEBSTER IV, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO PLAINTIFFS' RESPONSES TO DEFENDANTS' MOTION TO STRIKE NOTICE OF ACCEPTANCE OF RULE 68 OFFER OF JUDGMENT**

THOMAS WEBSTER, IV, GARY MANOS, JEANETTE CLEVELAND, MICHAEL PETYO, TOWN OF GREENSBORO, TOWN OF RIDGLEY and TOWN OF CENTREVILLE, some of the Defendants, through undersigned counsel, file this reply to the respective responses filed by Plaintiffs (ECF Nos. 137 & 140) in opposition to Defendants' Motion to Strike Notice of Acceptance of Rule 68 Offer of Judgment (ECF 132), and in support thereof, state the following.

Plaintiffs' Opposition confirms that they fundamentally misunderstand a core principle of a Rule 68 offer of judgment – that *the offeror* dictates the terms. *See* Fed. R. Civ. P. 68 (the offer is made by a "party defending against a claim . . . on specified terms."). This is so regardless of what is requested in the pleadings. Here, the Municipal Defendants elected to offer only monetary relief to the three sets of Plaintiffs, and, upon their acceptance, they could allocate the funds however they deemed fit. There is no requirement that the offeror tailor the offer to the specific relief any party seeks, and whether a failure to offer equitable relief

to the Coalition may impact any later fee petition by the Coalition is not relevant now. The terms of the offer were very simple—the three sets of Plaintiffs get the monetary amount, and their claims are extinguished, period.

It is apparent, moreover, that Plaintiffs do not even believe their own argument, that the offer was extended to *any one, two or all* of the Plaintiffs, because both of the Family Plaintiffs have attempted to accept it, rather than just one. In other words, if Plaintiffs genuinely bought their own argument, then they would have taken the position that only one of the sets of Family Plaintiffs was going to accept it and take the cash, leaving the two remaining sets of Plaintiffs to litigate further. But they did not, because they knew the offer required all Plaintiffs to accept the money.

In response, the Coalition concedes that it has a different interest from the Family Plaintiffs and perhaps a conflict. Nonetheless, it maintains that the offer was "ineffective" as to the Coalition because it did not offer it what it wanted – equitable relief. But this rejoinder widely misses the mark. The Coalition was offered to share in the monetary proceeds. That it chose not to accept money instead of equitable relief does not render the offer "ineffective" or permit the

Family Plaintiffs to accept it on their own terms.[1] In essence, the Plaintiffs have decided that the offer of judgment is not what they wanted, so they redrafted it and accepted their own version.

Plaintiffs lastly attempt to rely on cases that simply do not support their position. For example, they cite *Cruz v. Lloyds*, No. B-10-263, 2012 WL 12894216, 2012 U.S. Dist. LEXIS 193472 (S.D. Tx. July 16, 2012). There, the plaintiff sought to strike the defendant's filing of an offer of judgment. In its ruling, the federal district court in Texas stated,

> The Tenth Circuit has explained that in the context of Rule 68, "an unconditional offer means a definite and certain offer to pay for the plaintiff's damages and accrued costs with defendant's clear agreement to allow judgment to enter against him or her." *Roska*, 366 Fed. App'x at 939. **Rule 68 itself implies that certain terms, or conditions, may be included within the offer of judgment**. Fed. R. Civ. P. 68(a) ("[A] party defending against a claim may serve on an opposing party an offer to allow judgment *on specified terms . . . .")* (emphasis added). Other courts have permitted Rule 68 offers to be valid on certain conditions. *See Roska*, 366 Fed. App'x at 939 (**finding an offer "unconditional" where it was "in consideration for a dismissal" of the lawsuit**); *Amati v. City of Woodstock*, 176 F.3d 952, 958 (7th Cir. 1999); (**conditioning offer on acceptance by all plaintiffs qualifies for Rule 68**); *Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) (same); *Longfellow v. Jackson County*, 2007 U.S. Dist. LEXIS 50080, 2007 WL 2027126, at *3 (D. Or. July 5, 2007) (an offer

---

[1] Plaintiffs curiously attach their own correspondence, but none of the replies. Plaintiffs have continuously sought to try to resolve the case, but any discussion the Municipal Defendants have entertained about equitable relief have been outside the context of any Rule 68 offer of judgment. When Plaintiffs noted that the offer did not contain equitable relief, they asserted that it would make it ineffective *for any later fee petition opposition.* The Municipal Defendants have always understood that to be Plaintiffs' position, but it did not impact the terms of the offer, and Plaintiffs certainly never contended that they believed the offer was capable of acceptance by some but not all of them.

stating plaintiff was waiving appellate rights did not create a condition but merely stated the consequences of accepting the offer of judgment). Specifically, "Rule 68 does not require that offers of judgment include[ ] admissions of liability." *Barrow*, 2005 U.S. Dist. LEXIS 16043, 2005 WL 1867292, at *19 (quoting *Jolly v. Coughlin*, 1999 U.S. Dist. LEXIS 349, 1999 WL 20895, at *8 (S.D.N.Y. Jan. 19, 1999)); *Mite v. Falstaff Brewing Corp.*, 106 F.R.D. 434, 435 (N.D. Ill. 1985) (offer not defective on account of "no admission of liability" condition).

2012 WL 12894216, at *2, 2012 U.S. Dist. LEXIS 193472, at *4 (emphasis added).

The Court went on to state:

In this case, the conditional terms of Defendant's offer of judgment included (1) that Defendant would not admit liability; and (2) that Plaintiff would release all claims and causes of action which had been brought or could have been brought in the lawsuit. *See* Dkt. No. 24. **Neither of these terms, however, render Defendant's offer of judgment conditional for Rule 68 purposes under normal contract principles, and therefore the offer of judgment was an "unconditional offer."** *See Roska*, 366 Fed. App'x at 939 (offer in exchange for dismissal of lawsuit was unconditional offer); *Barrow*, 2005 U.S. Dist. LEXIS 16043, 2005 WL 1867292, at *19 (offer refusing to admit liability was unconditional offer). However, even though the Court declines to strike Defendant's offer of judgment based on the terms of the offer, **the offer is struck because it was filed prematurely**.

*Id*. (emphasis added). Thus, the Court struck the offer merely because of its timing.

Nor does Plaintiffs' citation to *Murphy v. Labor Source, LLC*, No. 19-cv-1929 (ECW), 2022 WL 378142, 2022 U.S. Dist. LEXIS 22481 (D. Minn. Feb. 8, 2022), help their cause. There, in denying a plaintiff's motion to strike a Rule 68 offer, the district court stated in part:

There is no preclusion to condition precedents to be performed before an agreement between parties becomes operative. *See,*

> *e.g., Grandoe Corp. v. Gander Mountain Co.*, 761 F.3d 876, 887 (8th Cir. 2014); *Lake Co. v. Molan*, 269 Minn. 490, 131 N.W.2d 734, 740 (1964); Restatement (Second) of Contracts § 29 (1981) ("**The offeror is the master of his offer; just as the making of any offer at all can be avoided by appropriate language or other conduct, so the power of acceptance can be narrowly limited**."). **Moreover, other courts that have considered unanimity with respect to Rule 68 offers have rejected *Tocwish* and concluded that a Rule 68 offer conditioned upon acceptance by all plaintiffs is valid**. *See Amati v. City of Woodstock*, 176 F.3d 952, 958 (7th Cir.), *cert. denied*, 528 U.S. 985 (1999); *Lintz v. Am. Gen. Fin., Inc.*, 76 F. Supp. 2d 1200, 1212 (D. Kan. 1999); *see also Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) (looking at traditional principles of contract construction with respect to Rule 68).

2022 WL 378142, at *25, 2022 U.S. Dist. LEXIS 22481, at *84 (emphasis added).

Any reliance by Plaintiff's on the Fourth Circuit's decision in *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011) is also misplaced. There, the Court construed an "offer" to FLSA-class plaintiffs as not one under Rule 68 because it did not actually offer them anything; rather, it required them to submit affidavits regarding hours worked and wages claimed. The Court stated, "an offer of judgment made pursuant to Rule 68 must specify a definite sum or other relief for which judgment may be entered and must be unconditional." *Id.* at 764. The offer in *Simmons* was not one under Rule 68, the Court held, because (1) it remained open for only five days, not the ten required (at the time) under Rule 68; (2) it did not offer a specified sum of money; rather it required plaintiffs to submit affidavits with various items of information to recover; (3) the letter did not offer to allow judgment to be taken against the offerors; rather, it required the plaintiffs to enter into settlement agreements; and (4) in contrast to Rule 68's requirement that the acceptance be filed on the

public docket, the letter required confidentiality if accepted. In this respect, *Simmons* was decided on completely different facts. *Id.* at 764.

Far more helpful to the instant matter is *Callahan v. Pac. Cycle, Inc.*, 756 F. App'x. 216 (4th Cir. 2018), where the Fourth Circuit rejected the arguments Plaintiffs make here. There, the Court stated,

> It is axiomatic that valid acceptance of an offer requires complete acceptance. *See Iselin v. United States*, 271 U.S. 136, 139, 46 S. Ct. 458, 70 L. Ed. 872, 62 Ct. Cl. 766 (1926) ("It is well settled that a proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer . . . ."). That is to say, an offeree cannot accept the terms of a contract after changing the terms of the contract. *See id.*
>
> Applying traditional principles of contract interpretation, **Callahan did not accept Appellees' offer of judgment because her acceptance changed the terms of the offer. Appellees' offer was made in exchange for "full and complete satisfaction of all claims that Plaintiffs have asserted or could have asserted against Defendants in the above-captioned lawsuit**." J.A. 110. **For that reason, Callahan did not accept the offer by accepting "on her own behalf" while T.G. "continue[d] to pursue her claim for personal injuries."** *Id.* **at 114. Indeed, Callahan continued to pursue her own claims.**

*Id.* at 229 (emphasis added).

The Municipal Defendants agree that the Court need look no further than the plain terms of the offer itself. Throughout the offer, it is expressly stated that *all* Plaintiffs must join and extinguish their claims, regardless of the nature of the claims. No magic words were required, and Plaintiffs' suggested reading of it is unreasonable and inconsistent with both the letter and the immediate response to Plaintiffs' purported partial acceptance of it. If the best Plaintiffs can

offer is that there was no meeting of the minds, then the offer should and must be deemed to be rejected.

For the foregoing reasons, and for the reasons articulated in the Motion to Strike Notice of Acceptance of Rule 68 Offer of Judgment (ECF 132) filed by the Municipal Defendants, the Court must strike the Notice of Judgment of Rule 68 Offer of Judgment (ECF 128).

Respectfully submitted,

KARPINSKI, CORNBROOKS & KARP, P.A.

BY:     /s/ Kevin Karpinski
KEVIN KARPINSKI, #11849
AIS # 9312150114

    /s/ Daniel Scapardine
DANIEL SCAPARDINE, #21632
AIS # 1812120098
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
kevin@bkcklaw.com
dscapardine@bkcklaw.com
*Counsel for Defendant Thomas Webster, IV*

KARPINSKI, CORNBROOKS & KARP, P.A.

BY:     /s/ Daniel Karp
DANIEL KARP, #00877
AIS #7612010190
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
410-727-5000
brunokarp@bkcklaw.com
*Counsel for Defendants Michael Petyo and Jeanette Cleveland*

KARPINSKI, CORNBROOKS & KARP, P.A.

BY:     /s/ Ernest I. Cornbrooks, IV

ERNEST I. CORNBROOKS, IV, #28296
AIS #0612120170
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
410-727-5000
scornbrooks@bkcklaw.com
*Counsel for the Town of Greensboro*


LOCAL GOVERNMENT INSURANCE TRUST

BY: \_\_\_\_\_/s/ Jason L. Levine\_\_\_\_\_
JASON L. LEVINE, #16631
AIS #0512140197
7225 Parkway Drive
Hanover, Maryland 21076
443-561-1700
jlevine@lgit.org
*Counsel for Chief Gary Manos*

LOCAL GOVERNMENT INSURANCE TRUST

BY: \_\_\_\_\_/s/ Raymond R. Mulera\_
RAYMOND R. MULERA, #98454
AIS #9112180270
7225 Parkway Drive
Hanover, Maryland 21076
443-561-1700
rmulera@lgit.org
*Counsel for Town of Ridgely*

LOCAL GOVERNMENT INSURANCE TRUST

BY: \_\_\_\_\_/s/ William Dickerson\_\_
WILLIAM DICKERSON, #
AIS #8812150147
7225 Parkway Drive
Hanover, Maryland 21076
443-561-1700
wdickerson@lgit.org
*Counsel for Town of Centreville*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2022, a copy of the foregoing was electronically filed with notice to:

Daniel Karp, Esquire
Karpinski, Cornbrooks & Karp, P.A.
120 East Baltimore Street, Suite 1850
Baltimore, Maryland 21202-1617
***Counsel for Defendant Michael Petyo and Jeanette Cleveland***

E. I. Cornbrooks, IV, Esquire
Karpinski, Cornbrooks & Karp, P.A.
120 East Baltimore Street, Suite 1850
Baltimore, Maryland 21202-1617
***Counsel for Town of Greensboro***

Jason L. Levine, Esquire
Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076
***Counsel for Chief Gary Manos***

Raymond R. Mulera, Esquire
Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076
***Counsel for Town of Ridgely***

Patrick D. McKevitt, Esquire
Beatrice Thomas, Esquire
Whiteford, Taylor & Preston
7 St. Paul Street
Baltimore, Maryland 21202-1636
***Counsel for Officer Dennis Lannon***

Michael J. Baxter, Esquire
David J. McManus, Esquire
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
***Counsel for Defendants Russell Alexander, MD. and David Fowler, MB., ChB., in their individual capacities***

William Dickerson, Esquire
Local Government Insurance Trust
7225 Parkway Drive
Hanover, Maryland 21076
***Counsel for Town of Centreville***

John Kuchno, Esquire
Justin E. Fine, Esquire
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
***Counsel for Defendants Victor Weedn, M.D., Russell Alexander, M.D. and the State of Maryland***

Tomeka G. Church, Esquire
711 St. Paul Street
Baltimore, Maryland 21202

Leslie D. Hershfield, Esquire
Schulman, Hershfield & Gilden, P.A.
One East Pratt Street, Suite 904
Baltimore, Maryland 21202

René C. Swafford, Esquire
Law Office of Rene C. Swafford, LLC
P.O. Box 392
Greensboro, Maryland 21639

Deborah A. Jeon, Esquire
Sonia Kumar, Esquire
Tierney Peprah, Esquire
ACLU of Maryland
3600 Clipper Mill Road
Suite 350
Baltimore, Maryland 21211
***Counsel for Plaintiffs***

John A. Freedman, Esquire
Jayce Born, Esquire
Florence Bryan, Esquire
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001

Ryan D. Budhu, Esquire
Joseph P. Klemme, Esquire
John F. Mezzanotte, Esquire
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
***Counsel for Coalition for Justice for Anton Black***

                        BY:     /s/ Kevin Karpinski
                              Counsel for Defendant
                              Thomas Webster, IV