## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNELL BLACK, *et al*., | * | |
| | * | |
| *Plaintiffs*, | | |
| | * | No. 1:20-cv-03644-CCB |
| v. | | |
| | * | |
| RUSSELL ALEXANDER, *et al*., | | |
| | * | |
| *Defendants*. | | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

### JOINT STATUS REPORT

Plaintiffs, Jennell Black, individually and as personal representative of the estate of Anton Black, Antone Black, individually and as personal representative of the estate of Anton Black, Katyra Boyce, as mother and next friend of W.B. (collectively, the "Family Plaintiffs"), and the Coalition for Justice for Anton Black (the "Coalition"), and defendants, the state of Maryland, Dr. John D. Stash, in his official capacity as the interim chief medical examiner, and Dr. Russell Alexander in his official capacity (collectively, the "State Defendants"), and Dr. Russell Alexander, in his individual capacity, and Dr. David Fowler, in his individual capacity (collectively, the "Individual Defendants"), submit this joint status report as requested by the Court.  ECF No. 145.

### PROCEDURAL HISTORY

This action arises from the death of Anton Black and the alleged events that followed.  Plaintiffs filed a 14-count Amended Complaint on February 18, 2021.  ECF No. 38.  The Amended Complaint asserted causes of action against the State and Individual

Defendants, as well as the so-called "Municipal Defendants."[1]  The Court denied the State and Individual Defendants' motions to dismiss without prejudice on January 26, 2022, and allowed certain discovery to proceed.  ECF Nos. 89 & 90.  Discovery proceeded until the Court ordered a discovery stay on June 14, 2022.  ECF No. 144.  Plaintiffs and the Municipal Defendants settled all claims and filed a stipulation of dismissal on August 5, 2022.  ECF No. 146.

Pursuant to the Court's September 26, 2022 Order (ECF No. 150), the parties served further discovery responses on or about October 7, 2022,[2] and the State and Individual Defendants filed supplemental motions to dismiss on October 25, 2022.  ECF Nos. 154 & 155.  In response, on October 28, 2022, Plaintiffs filed a motion to strike (based on the Individual Defendants' then-pending interlocutory appeal),[3] ECF No. 156, and a motion for leave under Rule 15(a)(2) to file a proposed Second Amended Complaint on November 15, 2022.  ECF No. 164.  All motions remain pending, although the Coalition avers that accepting the Second Amended Complaint would moot the other motions.

Through subsequent orders (ECF Nos. 168, 174 & 178), the Court has extended the discovery stay through June 30, 2023.

---

[1] Thomas Webster, IV, Michael Petyo, Gary Manos, Dennis Lannon, Jeanette L. Cleveland, and the towns of Greensboro, Ridgley, and Centreville, Maryland.

[2] Plaintiffs emailed a motion to compel to attorneys for the State Defendants on November 7, 2022, citing alleged deficiencies in the State Defendants' discovery responses.  Pursuant to Local Rule 104.8(a) and the discovery stay, Plaintiffs have not yet filed this motion with the Court.  Defendants have not yet served an opposition to this motion.

[3] The interlocutory appeal has been dismissed.

The Family Plaintiffs have settled their claims with the State and Individual Defendants.

The proposed Second Amended Complaint would assert five causes of action against the State and Individual Defendants:

- Count 1, "Violation of the Fourteenth Amendment Equal Protection Guarantee and Art. 24 Decl. Rts." asserted against Dr. Alexander in his individual and official capacities, Dr. Stash in his official capacity, and Dr. Fowler in his individual capacity based on race discrimination in OCME's death investigations;

- Count 2, "Violation of First and Fourteenth Amendments and Arts. 19, 24 and 40, Md. Decl. Rts., Right to Access the Courts and Legal Redress," asserted against Dr. Alexander in his individual and official capacities, Dr. Stash in his official capacity, and Dr. Fowler in his individual capacity;

- Count 3, "ADA TITLE II (Survival Action)," asserted against the State only;

- Count 4, "Section 504 of the Rehabilitation Act - Survival Action," asserted against the State only; and

- Count 5, "Civil Conspiracy, Md. Decl. Rights, Articles 19, 24 and 40," asserted against the State and Individual Defendants.

## STATUS OF THE CASE

The Court requested a status report by July 14, 2022.  ECF No. 181.  The parties have conferred and propose the following.

### STATUS CONFERENCE

The parties request that the Court hold a telephone conference at the Court's convenience to discuss deadlines for oppositions and replies to the various motions discussed in this report, the various issues raised in this status report, and any other matter that the Court wishes to address.

**AMENDED PLEADINGS**

In light of the settlement between defendants and the Family Plaintiffs, the Coalition proposes filing a corrected version of the Second Proposed Amended Complaint to remove references to the Family Plaintiffs as litigants in the action and to make any further updates warranted by changes in the law or facts. The State and Individual Defendants oppose this because any amendment would be futile.

## PROPOSED SCHEDULING ORDER

| Event | Deadline |
|---|---|
| Plaintiffs File Corrected Second Amended Complaint[4] | 21 days after Scheduling Order Issued |
| Plaintiffs' Updated and Supplemental Rule 26(a)(2) Disclosures[5] | October 26, 2023 |
| Defendants' Rule 26(a)(2) Disclosures | December 7, 2023 |
| Plaintiffs' Rebuttal Rule 26(a)(2) Disclosures | January 12, 2024 |
| Rule 26(e)(2) Supplementation of Disclosures and Responses | February 12, 2024 |
| Discovery Deadline; Submission of Status Report | February 26, 2024 |
| Request for Admissions | March 15, 2024 |
| Dispositive Pretrial Motions | March 29, 2024 |
| Oppositions to Dispositive Motions | April 29, 2024 |

---

[4] The State and Individual Defendants oppose this deadline request.

[5] The State and Individual Defendants oppose this deadline request.

| Replies to Oppositions to Dispositive Motions | May 13, 2024 |
|---|---|

Respectfully submitted,

/s/ *Leslie Hershfield* (with permission)

_____

Leslie David Hershfield
Federal Bar No. 08255
Schulman, Hershfield & Gilden, P.A.
One East Pratt Street, Suite 904
Baltimore, MD 21202
lhershfield@shg-legal.com

/s/ *Tomeka Church* (with permission)

_____

Tomeka Grimes Church
Federal Bar No. 25311
The Law Office of Tomeka G. Church
711 Saint Paul St.
Baltimore, MD 21202
tchurch@thechurchlawfirm.com

/s/ *Rene Swafford* (with permission)

_____

Rene C. Swafford
Federal Bar No. 26309
Law Office of Rene Swafford, LLC
P.O. Box 392
Greensboro, MD 21639
rswaffordster@gmail.com

Attorneys for Jennell Black, Antone Black, and Katyra Boyce

/s/ *John A. Freedman*

_____

John Arak Freedman, Bar No. 20276
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001

ANTHONY BROWN
Attorney General of Maryland

/s/ *John J. Kuchno* (with permission)

_____

JOHN J. KUCHNO, Bar No. 04211
JAMES N. LEWIS, Bar No. 30220
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
jkuchno@oag.state.md.us
jlewis@oag.state.md.us
(410) 576-7847

Attorneys for the State of Maryland

/s/ *David J, McManus* (with permission)

_____

Michael J. Baxter, Bar No. 01209
David J. McManus, Jr., Bar No. 02239
Baxter Baker Sidle Conn and Jones P.A.
120 E Baltimore St Ste 2100
Baltimore, MD 21202
410-230-3800
mbaxter@bbsclaw.com
dmcmanus@bbsclaw.com

Attorneys for Dr. Russell Alexander and Dr. David Fowler

202-942-5000
John.Freedman@arnoldporter.com

Attorneys for Coalition for Justice for
Anton Black

/s/ *Debbie Jeon*
_____
Deborah A. Jeon, Bar No. 06905
Sonia Kumar, Bar No. 07196
Tierney Peprah, Bar No. 21986
ACLU of Maryland
3600 Clipper Mill Rd Ste 350
Baltimore, MD 21211
jeon@aclu-md.org
kumar@aclu-md.org
tpeprah@aclu-md.org

July 14, 2023